Casey, Ch. J.,
dissenting:
1 agree with the majority opinion just read, that the act of Congress approved June 25,1868, clearly excludes the testimony of a claimant in support of his claim. And there is no difference in the result, whether the testimony was taken before or after the passage of the act. Nor is such an enactment retroactive in its character and effect. It operates in the future, and does not seek to go back to instances where the testimony has been used and*tlie cases decided, but only prescribes the rule for the trial of all future cases.
I am satisfied that neither the Attorney General nor any special counsel acting on behalf of the United States, as the law now stands, has the power or authority to waive the provisions of this act and allow the claimant to introduce his own testimony in support of his claim.
A different question arises when it is offered by the United States to defeat the title, claim, or right of the claimant; in that case it is not offered in evidence as the testimony or deposition of the claimant in support of the claim, but as a solemn and deliberate declaration or admission made against his interest. A letter, a deed, an agreement, or even a verbal conversation containing such a statement affecting his interest would be competent evidence. Why not a deposition taken in the very cause, with due care and deliberation, under the sanction of an oath and obliged by every consideration to speak accurately *48 and truly ? I do not think that the clause in the act that “ no testimony given by such claimant, plaintiff, or person shall be used,” was intended to exclude the testimony when offered to defeat, and not to support the claim. The object of introducing this sentence, I think, was to meet one of the very questions raised in this motion, that when the testimony had been previously given it should not be used after the passage of the act in support of the claim.
In giving a construction to this enactment it is important to take into consideration the object which the legislature had in view in the passage of this law. What was the evil to be corrected or good attained by its provisions? Whenever the meaning of a statute is distinct and unambiguous the legislature shall be presumed to have meant what they have so plainly said. But where the words or phrases of a law admit of different interpretations, we are to give them such a construction as will be in harmony with the general intention, scope, and purpose of the enactment. To this rule I know of no exception. Our first inquiry, then, is, does this law by its plain, direct expressions prevent and forbid the United States from using a claimant’s deposition taken on his own behalf to defeat the right or claim set up in the case ? It does appear to me that it cannot be made even to imply, much less express, such a prohibition. There is nothing in the law which even touches or hints at this question. On the contrary, the phrase “ and no testimony given by such plaintiff', claimant, or person shall be used,” is but one member of a sentence related to and connected with ts adjunct by the copulative conjunction “ and.” It was, therefore, unnecessary to repeat at the end of it “in supporting such title, claim, or right,” because that was implied from the natural connection and collocation of the terms and phrases in which the enactment is comprised. But whether this be admitted or not, it is very evident from the different routes by which my different colleagues arrive at the same conclusion, and the various reasons upon which they base it, that the act is not entirely free from doubt, and that there is at least some room left for interpretation. If that be so, then how are we to construe it? Where the words used are at all ambiguous or doubtful in themselves, we must then resort to something else to ascertain the intention of the law giver. That intention, when it is apparent, or can be ascertained, is the governing and con *49 trolling idea in construing and applying tbo law. And one of tlie surest and best means of learning and exploring the intentions of the law-making power in the passage of any statute is carefully to scan the aim and purpose of its enactment. The question nat-lu’ally arisep, what was the evil the legislature sought to avoid and suppress, what good to be attained and advanced, by the law under consideration ? Does any one doubt what was the mischief or the remedy in the view of Congress when the section we are considering was passed? This appears-to me transparent. The law allowed parties and interested persons to testify in their own behalf in the Court of Claims against the Hnited States. In practice this was supposed to be mischievous and pernicious. It was supposed to give an undue and unfair advantage to the claimants; the temptation was strong to color their statements too highly in their own favor, and even to fabricate evidence to sustain them claims. This was the mischief. The simple and natural remedy proposed was to exclude this interested evidence of the parties in their behalf. It has this extent, no more. To prevent the United States from using the evidence to defeat the claim never for a moment entered into the contemplation of the persons who framed and passed this statute. It is not within its purpose, intention, or scope. No such mischief existed, and therefore no such remedy was provided. I have shown that the law had quite other and different aims and objects to accomplish. And it should not, therefore, be extended by implication beyond the purpose apparent on its face. We can give full and fair scope and effect to every word and syllable in this section and yet confine it to the exclusion of the testimony of claimants or interested persons, when offered to support the claim.
Had the claimant sat dorvn in the office of the commissioner before whom his testimony was taken, previous to being sworn, and recited over the facts, precisely as he afterwards swore to them, and were reduced to writing by the commissioner, would such a declaration or admission, proved by the commissioner or some other person present, be evidence for the United States ?
If against the interest of the claimant, and distinctly proved, it will scarcely be pretended that it could be excluded. Then how do the facts — that the claimant made solemn oath to the same words, that they were reduced to writing by a sworn and responsible officer as they fell from the lips of the witness *50 in bis presence, were carefully read over to him, and were deliberately signed witb his own band — detract from tbeir quality as evidence 1 What solid, sensible reason can there be for such a difference 1 To show the error of the conclusion we need go but one step farther, and hold that the first verbal declaration could not be given in evidence, because it Was afterwards reduced to writing, and of which that writing was the best evidence, and that could not be received because it is in the form of a deposition. This, I submit, instead of making the law the perfection of reason, would make it something entitled to quite a different designation.
With the highest'respect for the opinion of my brethren, I fear that a departure from the plain and obvious meaning of this law, as interpreted by its words, as well as its objects and purposes, may produce inconvenience and confusion, and am therefore compelled to enter my dissent to so much of the ruling as debars the United States from using the deposition of the claimant as an admission or declaration against himself, and to defeat the claim.
The proviso which follows limits and restricts the enactments in the body of the section, but does not extend or enlarge their meaning, application, or effect.' It is to be strictly construed. United, States v. Jackson, 15 Pet., 141.
How much of a deposition is competent under this rule, would depend upon the special facts of each case. The only general rule that could be stated would be that everything contained in the deposition relating to the declaration or admission relied on, or that would tend to modify, restrict, or explain it, must be admitted, received, and construed together. Whether such deposition when thus admitted would be evidence as well for the claimant as for the United States, is a question which does not arise in this motion, and can only be properly ruled when it fairly comes up. I am therefore of opinion—
1st. That testimony heretofore taken either before or since the act of 25th June, 1808, of a claimant cannot be received in support of the claim.
2d. That where such depositions contain declarations or admissions tending to defeat the claim, they may be given in evidence for that purpose by the United States.
3d. That all parts of the same deposition which relate to such *51 declarations or admissions, or tend to modify, restrict, or explain them, should be admitted.
4th. Tbe effect to be given to such evidence, when admitted, is to’ be decided by all the facts and circumstances in proof in the particular case.